J-S65002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMAL CLARK | |
| Appellant | No. 89 EDA 2013 |

Appeal from the Judgment of Sentence December 3, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013813-2010

BEFORE: PANELLA, J., OLSON, J., and PLATT, J.[*]

JUDGMENT ORDER BY PANELLA, J.          **FILED DECEMBER 10, 2014**

Appellant, Jamal Clark, appeals from the judgment of sentence entered December 3, 2012, by the Honorable Chris R. Wogan, Court of Common Pleas of Philadelphia County. We affirm.

A lengthy recitation of the facts and procedural history is unnecessary to our disposition of this case. Following a waiver trial, Appellant was convicted of robbery,[1] carrying a firearm without a license,[2] theft by unlawful taking,[3] and carrying a firearm in public in Philadelphia.[4] On December 3,

---

[*] Retired Senior Judge assigned to the Superior Court.
[1] 18 Pa.C.S.A. § 3701(a)(1)(ii).
[2] 18 Pa.C.S.A. § 6106(a)(1).
[3] 18 Pa.C.S.A. § 3921(a).
[4] 18 Pa.C.S.A. § 6108.

2012, Appellant was sentenced to five to ten years' imprisonment, to be followed by three years' probation.  This appeal followed.

On appeal, Clark argues that the Commonwealth failed to present sufficient evidence that he was the perpetrator of the crimes for which he was convicted.   Initially, we are obliged to note that the entirety of Appellant's brief is largely composed of run-on sentences and is replete with spelling and punctuation errors.  Most egregiously, Appellant cites only two Rules of Evidence in support of his claims – Appellant cites to no relevant case law or other pertinent statute.[5]   As Appellant simply provides no discussion of pertinent legal authority to support his claim that the evidence pertaining to identification was insufficient to support his convictions, we are constrained to find this issue is waived.  *Commonwealth v. Love*, 896 A.2d 1276, 1278 (Pa. Super. 2005) ("Arguments not appropriately developed are waived."); *Commonwealth v. Russell*, 665 A.2d 1239 (Pa. Super. 1995) (Superior Court would not review argument that contained no citation to or discussion of relevant legal authority).

Rather than addressing the identification issue, Appellant's brief, such that it is, addresses the argument that the trial court improperly admitted the testimony of the assistant district attorney who handled Appellant's

---

[5] Appellant readily admits in the portion of his brief entitled "Table of Cases Cited" that "NO CASES WERE CITED[.]"  Appellant's Brief at iii (capitalization in original).

preliminary hearing. This precise issue was not raised in Appellant's Rule 1925(b) statement of matters complained of on appeal. **See** Rule 1925(b) statement, 7/15/13. Therefore, we are constrained to find this issue, too, is waived. **See** Pa.R.A.P. 1925(b)(4)(vii); **Commonwealth v. Melvin**, --- A.3d ---, ---, 2014 WL 4100200 at *28 (Pa. Super., filed Aug. 21, 2014).

As we find that Appellant has waived the claims presented on appeal, we affirm his judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2014